Janis E. Van Meerveld, Adams & Reese, New Orleans, LA, for Defendant–Appellee.

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.[*]

Ivory Daigre appeals the summary judgment awarded Velocity Express against her claims of wage discrimination under

Title VII and the Equal Pay Act. These two statutes are generally parallel in this context. See Siler–Khodr v. University of Texas Health Science Center San Antonio, 261 F.3d 542, 546 (5th Cir.2001), cert. denied, 537 U.S. 1087, 123 S.Ct. 694, 154 L.Ed.2d 631 (2002).

The district court found that Daigre, a black female, made a prima facie case of discrimination by showing there was a similarly situated white male employee who was more highly compensated. Velocity Express then offered evidence that the white male was employed in a more highly compensated job, but was performing the same tasks as Daigre as a favor to the company. This nondiscriminatory explanation was sufficient to shift the burden back to Daigre.

Daigre could overcome the explanation by showing that it was a pretext for discrimination by presenting evidence "that permits the jury to believe that the reason was false and that illegal discrimination was the actual reason". Nichols v. Lewis Grocer, 138 F.3d 563, 566 (5th Cir.1998). Essentially for the reasons stated by the district court, Daigre's flat denial of the explanation offered by Velocity Express is insufficient, as a matter of law, to carry her burden.

AFFIRMED

In re: In the Matter of the Complaint of RIVER CITY TOWING SERVICES, INC, As Owner of the T/B K700, for Exoneration from or Limitation of Liability,

---

River City Towing Services, Inc.,
As Owner of the T/B K700
Petitioner,

Sabrille Acklin, and other third-party plaintiffs as set forth in record document no. 90, Claimants—Third–Party Plaintiffs,

v.

Formosa Plastics Corp., also known as Formosa Chemical, doing business as Formosa Chemical, Claimant—Third–Party Defendant—Appellant,

v.

Theresa Ellen Williams; Crystal Smith; Gertrude Taylor; Tyron Martin, Sr; Linda Barney; Michael Green; Eula Batiste; Rose Mary Broden, Claimants—Appellees.

No. 03–30195.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 2003.

Frank S. Craig, III, Emile C. Rolfs, III, Ben B. Hu, William Bret Mason, Breazeale, Sachse & Wilson, Baton Rouge, LA, for Claimant–Appellant.

Donna Unkel Grodner, Grodner & Associates, Baton Rouge, LA, for Claimants–Appellees.

Before GARWOOD, JOLLY, and CLEMENT, Circuit Judges.

PER CURIAM.*

Formasa Plastics Corporation appeals the district court's determination that it did not have admiralty jurisdiction to hear this matter. Because the tort at issue here occurred on land and hence fails the connection test, the district court did not err in holding that it did not have admiralty jurisdiction over the claims. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock, Co.*, 513 U.S. 527, 534, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995). Furthermore, once the district properly dismissed all of the claims which may have led to original jurisdiction, it did not abuse its discretion in refusing to exercise pendant jurisdiction over the pending state law claims. *See* 28 U.S.C. § 1367(c)(3). The decision of the district court is therefore AFFIRMED.

---

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.